UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN FRANCISCO DOMINGUEZ GARCIA (A-221-491-992),

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-2417 DC CSK

ORDER

On March 30, 2026, Yamileth Nohemy Vazquez Alvarado, purportedly "next friend" for petitioner Darwin Francisco Dominguez Garcia (A-221-491-992), an immigration detainee, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paid the filing fee. Petitioner has been detained since December 8, 2025.  (ECF No. 1 at 2.)  Mr. Alvardo seeks expedited review of the petition.[1]

## I.   BACKGROUND

On April 1, 2026, the district court denied Mr. Alvarado's motions filed with the habeas petition because Mr. Alvarado failed to provide an adequate explanation for why petitioner

---

[1] Although the petition is labeled "Verified," no verification is provided.  (ECF No. 1.)

1

cannot pursue this action on his own, and failed to demonstrate Mr. Alvarado is truly dedicated to petitioner's best interest, and referred this case to the undersigned.  (ECF No. 8.)

## II.      GOVERNING STANDARDS

A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend."  United States v. Castle, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022).  There are two "firmly rooted prerequisites" for "next friend" standing:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Dennis ex rel. Butko v. Budge, 378 F.3d 880, 888 (9th Cir. 2004) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990)).  The "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify jurisdiction of the court."  Whitmore, 495 U.S. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); see also Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' ") (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney."  United States v. Caputo, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing Lovett v. Adams, 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018)).

///

**III.   DISCUSSION**

Here, Mr. Alvarado does not explain his status, his relationship to petitioner, why petitioner could not file the petition on his own behalf, and why Mr. Alvarado is truly dedicated to the best interests of petitioner.  (ECF No. 1, passim.)  However, even assuming Mr. Alvarado qualifies for "next friend" status, which would permit him to file a petition on behalf of Darwin Francisco Dominguez Garcia, it does not allow Mr. Alvarado to prosecute this action pro se on another person's behalf, even if he is a family member.  Therefore, either (1) Mr. Alvarado must secure licensed counsel to proceed, or (2) petitioner Darwin Francisco Dominguez Garcia must notify the Court that he will appear on his own behalf to prosecute this habeas action.  Otherwise, the petition will be dismissed without prejudice.  As the district court found in its April 1, 2026 order, Mr. Alvarado cannot proceed pro se.  (ECF No. 8 (citing Soza v. Warden of Cal. City Det. Facility, 2026 WL 237716, at *1-2 (E.D. Cal. Jan. 29, 2026).)

**IV.   CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, **either**

   a. Petitioner Darwin Francisco Dominguez Garcia (A-221-491-992) must notify the court in writing that (1) Yamileth Nohemy Vazquez Alvarado filed the petition for writ of habeas corpus (ECF No. 1) with petitioner's knowledge and permission; (2) Petitioner Darwin Francisco Dominguez Garcia must declare under penalty of perjury that the contents of the petition are true and correct; and (3) going forward, petitioner Darwin Francisco Dominguez Garcia will appear on his own behalf to prosecute this habeas action; **OR**

   b. Yamileth Nohemy Vazquez Alvarado must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. The Clerk of the Court is directed to (a) send a copy of the petition (ECF No. 1) along with this order to petitioner Darwin Francisco Dominguez Garcia (A-221-491-992) at his address of record; and (b) send Yamileth Nohemy Vazquez Alvarado a copy of this order and a copy of the district court's minute order (ECF No. 8) to 63 Mills Street, Morristown, NJ 07960.

///

3

3. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  April 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/domi2417.nxtf.imm